Petition for Writ of Mandamus Denied and Memorandum
Opinion filed August 5, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00675-CR

____________

 

IN RE ENA JANE DRAYCOTT, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On August 4, 2009, relator, Ena Jane Draycott, filed a
petition for writ of mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator requests that we quash two orders
signed by the Honorable Susan Brown, presiding judge of the 185th District
Court of Harris County, on July 29, 2009, and July 31, 2009, directing that
relator be taken into custody for the purpose of obtaining handwriting
exemplars and samples.[1]  








Relator is employed as a firefighter with the Houston Fire
Department.  On July 7, 2009, racist and sexist graffiti was found on relator=s personal property and on the walls
of the women=s dormitory at Houston Fire Department Station 54.  The Houston Police
Department Office of Inspector General is investigating the incident.  On July
29, 2009, the State filed an application for an order compelling relator to
provide a handwriting exemplar for use in the investigation.  On July 29, 2009,
the respondent signed an order directing that any peace officer take relator into
temporary custody for the limited purpose of taking handwriting exemplars and
samples.  Relator is to be released once the exemplars and samples are taken. 
On July 31, 2009, relator moved to quash the order.  The trial court has not
yet ruled on relator=s motion.  Also, on July 31, 2009, the respondent signed a
second order that is almost identical to the first order.  The record does not
reflect relator=s response to the second order. 

On this record, we are unable to grant mandamus relief
because the trial court has neither ruled on, nor explicitly refused to rule
on, relator=s motion to quash that seeks to produce the same relief as requested
here.  Mandamus is not available to compel an action which has not first been
demanded and refused.  Terrazas v. Ramirez, 829 S.W.2d 712, 723 (Tex.
1991) (orig. proceeding).  Relator asserts that the respondent is not available
to hear her motion to quash.  However, to the extent the respondent is not
available to hear relator=s motion to quash, the Local Rules of the Harris County
District Courts for trying criminal cases provide a procedure for relator to
seek relief.  See Harris (Tex.) Dist. Ct. Loc. R. 10.B.1 (AThe responsibility for emergencies
and special matters will become the function of a Judge on Duty . . . where the
preassigned Court Judge is unavailable.@).  








In addition, relator=s petition does not comply with the
Texas Rules of Appellate Procedure because the documents attached to her
petition are not sworn or certified.  See Tex. R. App. P. 52.3(k)(1)(A)
(requiring appendix to include certified or sworn copy of any order complained
of, or any other document showing matter complained of); Tex. R. App. P.
52.7(a)(1) (requiring relator to file certified or sworn copy of every document
that is material to her claim for relief and was filed in any underlying
proceeding). 

For the reasons set forth above, we are compelled to deny
mandamus relief on the record before us.  See Terrazas, 829 S.W.2d at
723.  

 

PER CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.

Do Not
PublishCTex. R. App. P. 47.2(b).









           [1] 
Relator refers to the first order as being dated July 30, 2009, but the order
shows that the respondent signed the first order on July 29, 2009.